## IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

BETTY JANE AYERS,

    Plaintiff,

v.                                    Civil Action No.: 11-C-379
                                    Judge: /s/ DAVID M. PANCAKE

SHEETZ, INC.,

    Defendant.

TO:

SHEETZ, INC.
STANTON R. SHEETZ
5700 SIXTH AVENUE
ALTOONA, PA, 16602

To the above-named Defendant:

    IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **D. Adrian Hoosier, II, plaintiff's attorney, whose address is The Hoosier Law Firm, PLLC, 120 Capitol St., Charleston, WV 25301,** an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated:



Clerk of Court



DEFENDANT'S EXHIBIT A

# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, __Cabell_____ County, West Virginia

## I. CASE STYLE:

**Plaintiff(s)**　　　　　　　　　　　　　　　　　　　Case # __11-C-379__

Betty Jane Ayers　　　　　　　　　　　　　　　　　Judge: __/s/ DAVID M. PANCAKE__

vs.

**Defendant(s)** Sheetz, Inc.　　　　　　　　　　　**Days to Answer**　　**Type of Service**

5700 Sixth Avenue　　　　　　　　　　　　　　　　30　　　　　　　　　　Certifeid Mail

Altoona, PA 16602 ~~Street~~

　　City, State, Zip

　　Street

　　City, State, Zip

　　Street

　　City, State, Zip

　　Street

　　City, State, Zip

Original and __3__ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

| PLAINTIFF: Betty Jane Ayers | CASE NUMBER: |
|---|---|
| DEFENDANT: Sheetz, Inc. | |

II. TYPE OF CASE:

- ☒ General Civil
- ☐ Mass Litigation (As defined in T.C.R. Rule XIX (c))
  - ☐ Asbestos
  - ☐ Carpal Tunnel Syndrome
  - ☐ Diet Drugs
  - ☐ Environmental
  - ☐ Industrial Hearing Loss
  - ☐ Silicone Implants
  - ☐ Other: _____
- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

- ☐ Habeas Corpus/Other Extraordinary Writ
- ☐ Other: _____

III. JURY DEMAND: ☒ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): 09 / 2012

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES ☒ NO
IF YES, PLEASE SPECIFY:

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

Attorney Name: D. Adrian Hoosier, II
Firm: Hoosier Law Firm, PLLC
Address: 120 Capitol St., Charleston, WV 25301
Telephone: 304-767-1041
Dated: 06/02/2011

Representing:
☒ Plaintiff ☐ Defendant
☐ Cross-Complainant ☐ Cross-Defendant

_____
Signature

☐ Proceeding Without an Attorney

IN THE CIRCUIT COURT OF CABELL COUNTY, WEST VIRGINIA

BETTY JANE AYERS,

    Plaintiff,

v.                                  Civil Action No.: 11-C-319
                                  Judge: /s/ DAVID M. PANCAKE

SHEETZ, INC.,

    Defendant.

## COMPLAINT

NOW COMES Plaintiff, BETTY JANE AYERS, by and through counsel, and brings this civil action against SHEETZ.

### PARTIES

1. Plaintiff Betty Jane Ayers ("Ayers") is the owner of a building in Cabell County, West Virginia.

2. Defendant, Sheetz, Inc. ("Sheetz") is a Foreign Corporation, engaged in doing business in Cabell County, West Virginia.

3. Jurisdiction and venue are proper in this court.

### FACTS

4. Plaintiff Ayers restates and incorporates each and every allegation contained in Paragraphs 1 to 3 as if fully set forth verbatim here.

5. Plaintiff Ayers owns property and structures on that property in Cabell County, West Virginia.

6. Defendant Sheetz erected a gas station near Ayers property and structures.

7. Defendant failed to provide Plaintiff with any warning of this blasting and upon information and belief, failed to have the proper procedures in place to conduct such activities.

8. Defendant's actions caused damages to Plaintiff's personal and real property.

## COUNT I
### (Strict Liability/Ultra Hazardous Activity)

9. Plaintiff Ayers restates and incorporates each and every allegation contained in Paragraphs 1 to 8 as if fully set forth verbatim here.

10. Defendants engaged in blasting which is an ultra hazardous activity.

11. By engaging in said blasting activities, Defendant is jointly and severely strictly liable for any harm caused to Plaintiff.

12. Further, upon information and belief, Defendant failed to properly provide proper notice to the Plaintiff despite duty to do so.

13. Additionally, upon information and belief, Defendant failed to secure proper permitting to complete this activity.

14. As a direct and proximate result of the defendant having engaged in an ultra hazardous activity, specifically, blasting, plaintiffs have sustained to damage to their real and personal property and, in addition, have suffered loss of use, annoyance and inconvenience, and they have been otherwise greatly injured and damaged.

15. Defendant's blasting acts caused harm to the Plaintiff for which she is entitled to damages as set forth below.

## COUNT 2
### (Punitive Damages)

16. Plaintiff incorporates for reference, the allegations set forth in paragraphs 1-14.

17. Defendant's blasting activities were completed in a grossly negligent and/or extremely reckless manner which entitles Plaintiff to punitive damages.

18. Defendant, upon information and belief, failed to provide any notice to the Plaintiff and is strictly liable for their ultra hazardous blasting activities.

19. Plaintiff was harmed by Defendant's gross negligence and/or extremely negligent acts.

20. Wherefore Plaintiff demands judgment as set forth below.

21.

## COUNT 3
### (Alternative Count: Negligence)

22. Plaintiff incorporates for reference, the allegations set forth in paragraphs 1-19.

23. Without waiving any claims as set forth in count one (1) and count two (2) to this complaint, Defendant owed a duty of care to the Plaintiff to keep her building and property free from harm.

24. Defendant breeched said duty by engaging in blasting activities.

25. Said breach caused Plaintiff harm.

26. Defendant engaged in blasting operations as part of a construction project in which it was involved in the vicinity of the plaintiff's property described above. Vibrations and shock waves resulting from the blasting operations conducted by the defendant caused structural damage to the plaintiff's property and structures.

27. Defendant conducted its blasting operations in a negligent manner, which negligence was the proximate cause of the damage to plaintiff's property described herein.

28. As a direct and proximate result of the negligence of the defendant, as aforesaid, plaintiffs sustained damage to their property as well as loss of use, annoyance and inconvenience, and they have been otherwise greatly damaged.

29. Plaintiff is entitled to damages for the harm caused by Defendant.

30. Wherefore, Plaintiff demands judgment as set forth below.

**WHEREFORE**, Plaintiff prays that this Court enter judgment against Defendant and for Plaintiff for the following:

   a) Monetary damages to be determined by a jury for embarrassment, inconvenience, and aggravation.

   b) Damages for present, past and future medical treatments.

   c) Damage to reputation.

   d) Punitive damages against Defendant for grossly negligent conduct.

   e) Damages for strict liability for engaging in an ultra hazardous activity.

   f) Attorney's fees, cost of litigation, pre- and post- judgment interest.

   g) And all other damages as determined by this Court and/or jury

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                                                               BETTY JANE AYERS,
                                                                               **Plaintiff**

                                                                               **By Counsel**

_____
D. Adrian Hoosier, II (WVSB# 10013)
The Hoosier Law Firm, PLLC
120 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 767-1041
Facsimile: (304) 345-3935