## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### Huntington Division

BETTY JANE AYERS

    Plaintiff,

vs.                             ///      CIVIL ACTION NO. 3:11-CV-00434

SHEETZ, INC.                               **Jury Demand Endorsed Hereon**
    Defendant.

### ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes the Defendant, Sheetz, Inc., ("Sheetz"), by and through their undersigned counsel, Melvin F. O'Brien, Esquire, and Dickie, McCamey & Chilcote, L.C., and answers the Complaint as follows:

### PARTIES

1. Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 1. To the extent a response is required, said allegations are denied.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is required, at this time said allegations are denied.

### FACTS

4. In response to Paragraph 4 of Plaintiff's Complaint, this Defendant incorporates by reference their responses to Paragraphs 1 through 3, inclusive, to Plaintiff's Complaint, as though the same were fully set forth and contained herein.

5. Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 5. To the extent a response is required, at this time said allegations are denied.

6. Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 6 because the Complaint fails to identify an address for "Ayers property and structures."

7. The allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 are denied.

## COUNT 1
### (Strict Liability/Ultra Hazardous Activity)

9. In response to Paragraph 9 of Plaintiff's Complaint, this Defendant incorporates by reference their responses to Paragraphs 1 through 8, inclusive, to Plaintiff's Complaint, as though the same were fully set forth and contained herein.

10. The allegations of Paragraph 10 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

11. The allegations of Paragraph 11 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

12. The allegations of Paragraph 12 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

13. The allegations of Paragraph 13 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

14. The allegations of Paragraph 14 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

15. The allegations of Paragraph 15 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT 2
### (Punitive Damages)

16. In response to Paragraph 16 of Plaintiff's Complaint, this Defendant incorporates by reference their responses to Paragraphs 1 through 15, inclusive, to Plaintiff's Complaint, as though the same were fully set forth and contained herein.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied.

21. Paragraph 21 is left blank in the Complaint.

## COUNT 3
### (Alternative Count: Negligence)

22. In response to Paragraph 22 of Plaintiff's Complaint, this Defendant incorporates by reference their responses to Paragraphs 1 through 21, inclusive, to Plaintiff's Complaint, as though the same were fully set forth and contained herein.

23. The allegations of Paragraph 23 contain conclusions of law to which no response is required. To the extent a response is required, at this time said allegations are denied.

24. The allegations of Paragraph 24 contain conclusions of law to which no response is required. To the extent a response is required, at this time said allegations are denied.

25. The allegations of Paragraph 25 contain conclusions of law to which no response is required. To the extent a response is required, at this time said allegations are denied.

26. The allegations of Paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, at this time said allegations are denied.

27. The allegations of Paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, at this time said allegations are denied.

28. The allegations of Paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, at this time said allegations are denied.

29. The allegations of Paragraph 29 contain conclusions of law to which no response is required. To the extent a response is required, at this time said allegations are denied.

30. This answering Defendant hereby denies each and every additional allegation in Plaintiff's Complaint not heretofore specifically admitted or denied.

31. To the extent that Plaintiff's prayer for relief alleges and/or infers any negligence on the part of Defendant, said allegations and/or inferences are specifically denied. It is further denied that Plaintiff is entitled to any relief whatsoever from this Defendant.

## AFFIRMATIVE DEFENSES

The following defenses are raised to the extent that discovery reveals the same to be appropriate. If discovery should reveal the same to be inapplicable, they will be abandoned prior to the trial of this matter.

### FIRST AFFIRMATIVE DEFENSE

The Complaint may fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant avers that the Plaintiff may have been guilty of negligence which proximately caused and/or contributed to the injuries/damages of which Plaintiff complains and as such, Plaintiff's claims may be barred by the doctrine of contributory and/or comparative negligence.

## THIRD AFFIRMATIVE DEFENSE

The claims may be barred by the applicable statutes of limitation and/or repose, or the doctrines of waiver, estoppel, unclean hands, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

In the event that it is judicially determined that Plaintiff sustained injuries and damages as alleged, all of which is specifically denied, then the injuries or damages were proximately caused by the intervening and superseding act of other parties or third persons over whom this Defendant had no control or right of control and for whose actions this Defendant is not liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages may have been substantially caused by the negligence and/or misconduct of parties other than this Defendant.

## SIXTH AFFIRMATIVE DEFENSE

In the alternative, in the event that it is judicially determined that Plaintiff was injured and damaged as alleged in the Complaint, all of which is specifically denied, then the acts or omissions of Defendant when compared to the acts or omissions of the other parties entitles Defendant to contribution and/or indemnity in accordance with its proportional share of fault to be determined in this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join feasible and necessary parties to afford a just adjudication of the causes of action alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Injuries alleged by Plaintiff were not proximately caused by this Defendant.

## NINTH AFFIRMATIVE DEFENSE

To the extent it is judicially determined that Plaintiff is entitled to recover any damages, said entitlement being specifically denied, then this Defendant avers that the Plaintiff or Plaintiff may have failed to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE

Defendant incorporates herein by reference as if more fully set forth all of the defenses raised by Defendants to the extent that they are consistent with the positions taken by Defendant in its separate Answer.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all other affirmative defenses, as well as any immunity, which discovery may reveal appropriate.

## DEMAND FOR TRIAL BY JURY

Defendant respectfully requests that this matter be tried before a jury.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, L.C.

BY: _____
Melvin F. O'Brien, Esq. (WV #6797)
1233 Main Street, Suite 2002
Wheeling, WV 26003
Phone: (304)233-1022 / Fax:(304) 233-1026
E-mail: mobrien@dmclaw.com

*Counsel for Defendant, Sheetz, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

BETTY JANE AYERS

      Plaintiff,

vs.                                   ///     CIVIL ACTION NO. 3:11-CV-00434

SHEETZ, INC.                               **Jury Demand Endorsed Hereon**
      Defendant.

## CERTIFICATE OF SERVICE

    I, Melvin F. O'Brien, Esq., hereby certify that on June 28, 2011, I electronically filed the foregoing *Answer and Affirmative Defenses* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants. I further certify that I have forwarded a true and exact copy of the foregoing document by First Class United States Mail, postage prepaid, to the following parties:

                D. Adrian Hoosier, II, Esq.
                THE HOOSIER LAW FIRM
                120 Capitol Street
                Charleston, WV  25301

                *Counsel for Plaintiff*


                DICKIE, McCAMEY & CHILCOTE, L.C.

BY: _____
                Melvin F. O'Brien, Esq. (WV #6797)
                1233 Main Street, Suite 2002
                Wheeling, WV 26003
                Phone: (304)233-1022 / Fax:(304) 233-1026
                E-mail: mobrien@dmclaw.com

                *Counsel for Defendant, Sheetz, Inc*