IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BETTY JANE AYERS,**

        **Plaintiff,**

v.                                                                      Case No.:  3:11-cv-00434

**SHEETZ, INC.,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Accept a Reply, (ECF No. 93), asking the Court to consider a reply memorandum filed by Plaintiff on October 19, 2012. (ECF No. 89). Having considered the Motion, the Court **GRANTS** same. However, for the reasons that follow, the Court reaffirms its **DENIAL** of Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF No. 83).

On the day following the Court's Memorandum Opinion and Order denying Plaintiff's Motion for Sanctions for Spoliation of Evidence, (ECF No. 88), Plaintiff filed a reply memorandum to address the Defendant's response to Plaintiff's sanctions motion. In the reply memorandum, Plaintiff made five arguments, only some of which the undersigned explicitly discussed in the Memorandum Opinion and Order.  Consequently, the Court will expressly address all five arguments herein.

In her first argument, Plaintiff takes issue with Defendant's characterization of her spoliation motion as merely a resurrection of her previously denied motions for sanctions. Plaintiff may rest assured that the Court considered her spoliation motion

as a distinct and separate motion from the two prior motions for sanctions.

In the second argument, Plaintiff points out that Defendant has never responded to Plaintiff's August 16, 2012 request for the production of additional documents. The docket confirms that Defendant has not filed a response to the request. However, as the undersigned stated in the Memorandum Opinion and Order, Defendant's failure to respond to the request may constitute a basis for a motion to compel, but does not create grounds for spoliation sanctions. Plaintiff's bald assertion that date books, blasting journals, and additional blasting tapes have not been produced by Defendant because the documents have been lost or destroyed is speculative at best. As explained in the Memorandum Opinion and Order, Plaintiff has produced no evidence to substantiate that this documentation ever existed.[1] In the absence of such evidence, the Court cannot sanction Defendant for its alleged spoliation.

Plaintiff's third and fourth arguments address the issue of Defendant's responsibility for documents purportedly lost by Sauls Seismic and Traveler's Insurance Company. This issue was fully addressed in the Memorandum Opinion and Order. Nonetheless, the Court reiterates its explanation as follows. Plaintiff argues that Sauls Seismic and Traveler's Insurance Company were agents of the Defendant; accordingly, Defendant had a duty to preserve evidence in the possession of its agents. Since the agents "lost" the evidence, Defendant should be sanctioned for spoliation with an adverse inference jury instruction. In support of this argument, Plaintiff relies upon West Virginia case law discussing the application of *respondeat*

---

[1] While Plaintiff's contention that these documents **should have existed** may form the foundation of an argument to the jury that Defendant and its contractor did not abide by the law when conducting blasting activities, it is not proof that the documents ever existed.

*superior* in a tort action against a principal for the negligent acts of its agent.

Sanctions for spoliation are not awarded based upon the doctrine of *respondeat superior.* Instead, sanctions for spoliation are appropriate when a party having control over relevant evidence fails in its duty to preserve the evidence and that failure is accompanied by a "culpable state of mind." *Goodman v. Praxair Servs. Inc.,* 632 F.Supp.2d 494, 509 (D.Md. 2009) (quoting *Thompson v. U.S. Dept. of Housing & Urban Dev.,* 219 F.R.D. 93, 101 (D.Md. 2003)). Control may be inferred, even when a party does not have possession or ownership of the evidence, "when that party has the right, authority, or practical ability to obtain [the evidence] from a non-party to the action. *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 269 F.R.D. 497, 523 (D.Md. 2010) (quoting *Goodman,* 632 F.Supp.2d at 515). Here, the evidence sought by Plaintiff belonged to and was formerly in the possession of non-parties, Sauls Seismic[2] and Traveler's Insurance Company. Plaintiff has produced no evidence to establish that Defendant ever had "the right, authority, or practical ability" to obtain complete files from Sauls Seismic or Traveler's Insurance Company. Plaintiff attaches an invoice from Basil Carpenter Excavating, Inc. to Defendant that includes a pass-through charge for "Pre-blasting, Survey, Insurance." (ECF No. 89 at 10). Nevertheless, without testimony to explain the meaning of that entry or to establish that this invoice entitled Defendant to obtain the documents possessed by Traveler's Insurance Company and Sauls Seismic, Plaintiff has not established that Defendant controlled the evidence. Without proof of Defendant's control over the documents,

---

[2] It is not entirely clear what was in the possession of Sauls Seismic. On one hand, Plaintiff argues that Sauls Seismic had a manilla folder full of pre-blast surveys performed on structures in Milton and Barboursville. On the other hand, Plaintiff contends that Sauls Seismic did not actually complete some or most of the pre-blast surveys it claimed to have conducted. If Plaintiff is correct, then the manilla folder may only have contained a copy of the pre-blast survey performed on her building, and she is already in possession of that survey.

Plaintiff cannot establish one of the threshold findings necessary to support sanctions for spoliation.

In addition to the duty to preserve, Defendant had a duty "to notify the opposing party of evidence in the hands of third parties." *Victor Stanley, Inc.,* 269 F.R.D. at 522-23. However, Plaintiff has failed to establish that Defendant was aware of the contents of Sauls Seismic's manilla folder or Traveler's file. According to the record available to the Court, the pre-blast surveys in Sauls Seismic's folder were ordered by Basil Carpenter Excavating, Inc., not by the Defendant. Moreover, the surveys were not completed at the specific request of Defendant or expressly for the Defendant's benefit, but were done for Basil Carpenter's "own protection." Similarly, the lost Traveler's file pertained to the investigation of Plaintiff's first party claim to her insurance company for property damages. Although Defendant was also an insured of Traveler's Insurance Company, Plaintiff has presented no evidence to suggest that Defendant knew of the contents of Plaintiff's claim file. Given the lack of evidence connecting Defendant to the alleged missing, lost, or destroyed evidence, the Court is hard-pressed to sanction Defendant for spoliation.

Plaintiff's final argument relates more to her claim that Defendant is responsible for the alleged damage to her office building than to a motion for sanctions. Plaintiff contends that Defendant's agents damaged the office building in the course of blasting activities at Defendant's construction site; she asserts that Defendant "cannot rightly claim that they are not liable for their Agent's actions in this matter." Certainly, Plaintiff may argue liability based upon an agency relationship; however, that issue is entirely separate from whether she is entitled to an adverse inference instruction for spoliation of evidence. For the reasons stated in

this Order and the previously filed Memorandum Opinion and Order, the Court finds that Plaintiff is not entitled to such an instruction.

Wherefore, the Court reaffirms its denial of Plaintiff's Motion for Sanctions for Spoliation of Evidence (ECF No. 83). It is so **ORDERED.** The Clerk is instructed to provide a copy of this Memorandum Opinion and Order to Plaintiff and counsel of record.

**ENTERED:** October 26, 2012.

.

_____
Cheryl A. Eifert
United States Magistrate Judge